290 Wells versus MSPB Mr. Eisenberg please proceed when you're ready. Your honors, so please the court. The petitioner Elaine Wells was told that she did not retain her job because she did not meet her licensing requirements. However, the record shows that not only did she meet her licensing requirements, but that she was told by the agency she met those licensing requirements. To argue otherwise fails against anything that's on the record. I believe it is simple as that. I open to any questions that this court may have. Well, just on the record question, my understanding is you, after the fact, there is this email from Mr. Liu. Ms. Liu, I'm sorry. That says now that you have the Georgia license, I won't have to co-sign your notes. That's after the fact. Am I right that there's no evidence that indicates that beforehand that she was told, even though she worked in Jacksonville, that a Georgia license would suffice for the job and not a Florida, and she didn't need to get a Florida license? Your honor, I believe at the moment the record currently does not reflect that, but I will note that we were not allowed to continue our discovery. We initiated discovery per the order. However, when the agency failed to provide us their response in a timely fashion, we moved for sanctions. But before that happened, the matter was dismissed. I believe it was a procedural error for the board below to dismiss the case without having completed discovery. And as a legal matter, what do you think you have to show in order to say that the board had jurisdiction to determine whether she was properly or improperly terminated? It feels a little bit, I don't know, chicken and egg situation that as things stood when she was terminated, she was in fact not converted into a permanent employee, unless you were right about your automatic legal conversion, which is separate and apart from possible factual evidence that she had been told this was enough and whatnot. But I'm a little confused, I guess, about how to square the statutory requirement that excluded her from asking the board to correct an agency mistake in the status that she was in fact in at that time, which means excluding mistakes, actual mistakes. Now forgive me, I may be a little confused on your question toward the end, but we'll concede that basically the agency may, and I use the word may because I believe that is what the regulation says, that the agency may remove someone after a term employment period. I'm not arguing with you on that. However, there are exceptions, as we know in law, and there is an exception here. Clearly the agency read the regulations to allow a term employee who's under a Title 38 medical, which included my client, in an exempted position to have time to obtain their license, and upon retaining that license, then they're automatically converted. The agency itself has acknowledged this in their handbook, and through their handbook, that's how they're interpreting the law. So we can't say do as I say versus do as I do. So they may have an argument, but I think that's going to be defeated had we had proper discovery. But even based on the law, she had that right. Well, based on what law? I believe it's Title 38. No, based on what? I'm sorry. I wasn't clear. Based on what law did she have a right to be automatically converted to a permanent position from a temporary position when she secured her license? Based on the interpretation. Forgive me. I may not have the right quote on me, but I believe it is Title 38 dealing with medical personnel. Title 5 and Title 38 dealing with medical personnel that's hired by the government. The thing is, going back to how that's being interpreted with regards to her being converted, we look at the handbook for guidance. And, yes, I understand that the handbook in itself does not create a new right, but even the handbook's first sentence says, this handbook provides an introduction to VA and its human resources, policies, regulations, and benefits. It should only be used as general information, and it goes on. But this is how the agency is interpreting the regulation. If this is how the agency is interpreting the regulation, then the judge should have found it had jurisdiction. Doesn't the agency entitled to some deference? So what regulatory language do you think gives her a right to an alternative? I understand the language in the handbook, but what is the language in the regulations that you think that handbook is interpreting? An agency gets deference when it's interpreting its own regulation, surely, but I'm trying to see where that interpretation is. What's the language that's being interpreted? Your Honor, at this moment, I don't know. Well, do you have your braids with you? Yes, I do. At this very second. But my point is that handbook had to come from something. It had to come from the regulatory interpretation. Why? The agencies can just make handbooks? Sure, handbooks that advise on various issues, maybe how they could be processed. But I don't think the handbook has ever been deemed binding law in and of itself, and it certainly says right in the inside cover that it's not meant to be interpreted as such. And so I'm trying to understand what the source of law is, because the handbook is not a source of law. And agency interpretations of regulations, yes, can be given deference, but I don't yet understand as I sit here, what language do you think that VA handbook statement is purportedly interpreting? I apologize, Your Honor. That's okay. I'm still flipping through my briefs. I mean, there's only one regulation cited in your brief, if that helps. It's on page 1 and page 8, and it's section 752.401. I think that's just about MSPB jurisdiction. Yes. But I'll concede, I don't believe that was briefed, as to specifically the genesis of where the handbook came from. But if this handbook is showing and reflective of the practices of the agency, then quite frankly, that would have been discovered in discovery. Maybe in the far end, the agency has the right to dismiss the petitioner, but we have the right to discovery to understand why they did it. Because the agency hasn't met its burden to show that there wasn't jurisdiction before the board. This argument to the agency's benefit might have worked after discovery, after they showed, well, no, no, this is how we've always done it, this is how we've always interpreted it. They have to explain the handbook, because we weren't the authors of the book. We don't understand where they got it from. It's our interpretation that they got it from the regulation, the Title 38 and Title 5. Because otherwise, where else did they get it? In other cases, obviously, for term and accepted appointments, once that period ends, their time is done. But we purport that she was converted as the pattern and practice of the agency. This is how they interpret the regulations. They acknowledge that we get an opportunity to allow you to get licensed and to see if you fit in. Under their handbook, there is a provision, and I'm getting to that now, talking about exempted employees. May I have a second, please? I believe it's... I want to say it's 26, but I don't think that's correct. But looking at Appendix 27, under the second paragraph, So even they're conceding it's not automatic. Automatic dismissal. This is the handbook, right? Yes. Okay. Where is the automatic conversion language that you rely on? Is that on Appendix 48? If I may have a second, Your Honor, I'm sorry. Thank you, Your Honor. Under civil service accepted appointments, candidates for accepted positions must meet appropriate qualifications but do not... Are you still on page JA-27? No, Your Honor, I'm on Appendix page 48. Thank you. And under Title 38, Bill, the language between the two of them covers that? Well, you're well into your rebuttal time. Would you like to save some? Yes, I would, Your Honor. Okay. Let's hear from the government. Mrs. Reardon. Good morning. May it please the court. Ms. Wells, the board did not have jurisdiction over Mrs. Wells' appeal. Mrs. Wells accepted a time-limited appointment to last three years. It was to automatically expire at the end of three years. Ms. Wells did not have anything in writing. She was not promised that she would be converted to any job at the end of three years. Petitioner says that the handbook says that she was to be automatically appointed. However, the handbook specifically says that this handbook... Where are you reading from? It's in Exhibit D. I pulled it out from the handbook, but it's at the beginning of the handbook, and I'll find it in a minute, but could I just read it? The handbook says, This handbook provides an introduction to VA and its human resources, policies, regulations, and benefits. It is to be used only as a source of general information and should not be considered definitive guidance, since the policies and regulations and benefits it describes may occasionally be revised or superseded. This handbook does not create any right or obligation on the part of the VA or any employee. Information concerning changes in VA facilities may be found at the homepage. So the handbook itself says that it does not create a right on the part of VA or on the part of the employee. Petitioner refers in one part of the brief that there was a discharge, termination, and in another part of the brief it refers that it was a failure to convert. You can't have it both ways. She was not terminated. The agency did not perform any type of employment function that was a function that allowed her to file an appeal with the board. She had a time-limited term appointment with a specific limited time that was to expire at the end of three years. The agency simply allowed her term to expire. Unfortunately, when Petitioner got her license, she apparently received the wrong license. The individual who told her congratulations, I no longer have to co-sign your notes, did not have any authority to appoint her to anything. And if Petitioner claims that there was a failure to appoint, then a failure to appoint really amounts to a failure to hire, for which the board also do not have jurisdiction. I'm sorry, ma'am? His argument, as best as I can tell, is that the VA handbook somehow created an automatic transition from her temporary appointment status to a permanent appointment status. She received the requisite license. I can't even find that language anywhere in the VA handbook. Now, your brief basically focuses on, well, no matter what's in the VA handbook, the VA handbook isn't binding on anybody. But I don't even see... It's not in the VA handbook. I don't even see anything in the VA handbook that actually gives him... Even if the VA handbook was a regulation, I don't actually see anything within it that supports... There isn't, Your Honor. There isn't anything in the handbook that says she had a right to be converted. And the language he refers in the handbook does not refer to limited term appointments in any event. So she doesn't have a right to be converted. There's nothing in the handbook that refers to the type of appointment which Ms. Wells received. Unfortunately, the agency allowed... Unfortunately for Ms. Wells, the agency allowed her appointment to expire, which she knew it was going to expire at the end of three years anyway. Now, he refers to the license. She worked in Florida. She got a Georgia license. There is also nowhere where the agency advised her that her Georgia license was the appropriate license for her to have gotten, even if it considered that the agency was going to convert her to a permanent job. If she had in fact obtained a Florida license instead of a Georgia license, is there a guarantee that the agency would have converted her from temporary to permanent? I don't even see that anywhere. I'm so bewildered because even if she... I don't even see that the agency guarantees the conversion of a temporary employee to a permanent employee, even if they get the perfect and appropriate license. No, there is no guarantee. She has nothing in writing. She has nothing even orally, and orally would not count, but she has nothing in writing that says that she had a guarantee or any right to be converted to a permanent employee, even had she received the license, the permanent license in Florida. So she had a time-limited appointment that expired when it was supposed to expire. She was told at the beginning when it was to expire, and the agency simply allowed her time-limited appointment to expire. So the board has no jurisdiction. Just to be clear, she was not a career conditional appointment. No, she was not. Because that's the only language in the VA handbook. It's directed expressly and unequivocally to a career conditional appointment where your appointment automatically converts to a career appointment. No, she was a time-limited. No, no, she was not. Is there anything further? So the board had no jurisdiction, and the section to which he refers to the types of actions over which the board had jurisdiction, and she does not fit in either one of those categories. And unless you have additional questions of me, I submit. Thank you, Mr. Burden. Thank you very much. We have some rebuttal time. Mr. Eisenberg. Your honors, thank you. Even if the handbook is void of the specific language that we're discussing here, and yes, I acknowledge there may be an issue of where the regulations are coming from, I invite the court to look at Appendix 93. The agency, again, interpreted the regulations. Quote, according to our records, you do not possess a license to practice social work independently and without the need of supervision of your practice. As such, you have not met the condition of employment with our agency, and you are not eligible for conversion to a permanent appointment. The social work standards specify, so on and so forth. There is nothing in the record that reflects that. My client does not have the right license. There is nothing in the record that reflects that. She does not have the license of a particular state. I also posit that, why else may she have been fired? She also has an ongoing EEO complaint because she was out of Fort Mark for medical leave. But I realize that's not necessarily the issue here today. There is no evidence that she had the wrong license. For a lot of the gap of how the agency was thinking or why the agency did what it did, well, unfortunately, we don't know that because we were denied discovery. We were denied the opportunity to question, obtain facts and records and emails. Not only did we have our conversion argument, we also had an interference argument, a prohibited personnel practice. 5 U.S.C. 2302 B.2 and 4. In particular, she's told that this is the license you have to get. This is the license you need to keep your job. This is the license you need to be converted. Then the agency is at fault. I hear your concerns, but we can't just look at the specific black letter law. We have to look at the entire picture, in part, papered by the agency. I rest my case. Thank you. I thank both counsel for their arguments. The case is taken under submission. Our next case today is 2017-1437.